REINAUER BROS. MOTOR CO. et al. v. PARRISH et al.

No. 32063.   May 27, 1947.

Rehearing Denied June 17, 1947.
Second Petition for Rehearing Denied Sept. 30, 1947.

*184 P. 2d 774.*

Priest & Belisle, of Oklahoma City, for petitioners.

W. F. Smith and E. B. Glasgow, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought in this court by Reinauer Brothers Motor Company and Aetna Casualty & Surety Company, its insurance carrier, to review an award of the State Industrial Commission awarding compensation to respondent, Eugene Parrish.

Respondent in due time filed his first notice of injury and claim for compensation with the State Industrial Commission in which it is stated that on June 2, 1944, while in the employ of Reinauer Brothers Motor Company, he sustained an injury to his right eye.

The case was heard by trial commissioner, who found that on the 2nd day of June, 1944, respondent, while in the employ of Reinauer Brothers Motor Company, sustained an accidental personal injury to his right eye arising out of and in the course of his employment; that by reason of said injury respondent was temporarily totally disabled from June 2, 1944, to July 1, 1944, on which date his temporary total disability ceased, and further found that the evidence is insufficient to show respondent had sustained any permanent disability as the result of such injury.

On these findings an order was entered awarding respondent compensation in the sum of $63 for temporary total disability for 3 weeks and 3 days payable at the rate of $18 per week.

The award was affirmed on appeal to the commission sitting as a whole.

Petitioners contend that there is no competent evidence tending to support such finding and award.

Respondent testified that on the 2nd day of June, 1944, while employed by Reinauer Brothers Motor Company and while engaged in cutting taps off of bolts of an old car body, some particles from the bolts lodged in his right eye; that he was directed to and did go to Dr. Westfall for treatment, who removed some substance from his eye and continued to treat the eye for several days thereafter and refused to give him further treatment; that he continued to suffer pain in the eye for a period of 3½ weeks thereafter and by reason thereof was unable to sleep at night and unable to do any work during such period, since which time he has been able to do and has done some work.

The written reports of Doctors Westfall and Guthrie as to the result of the examinations made by them of respondent's eye, and on file with the State Industrial Commission, were received in evidence by agreement.

Dr. Westfall stated that he had examined respondent's eye shortly after the date of the accident and found that some foreign body had embedded in the cornea of his right eye; that he removed the object and treated the eye for several days; that he found no permanent disability to the eye and that in his opinion respondent had lost no time.

Dr. Guthrie stated that he had examined respondent on the 10th day of July, 1944; that he found no permanent disability to the eye; that the eye then had a vision of 20-40, which in his opinion could be corrected by the use of glasses, and further stated that in his opinion the healing period had then ended.

The evidence, while rather vague, we think sufficient to sustain the award of the commission. It will therefore not be disturbed by this court on review.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and ARNOLD, JJ., concur. GIBSON, J., dissents.